REDMANN, Chief Judge.
Defendant appeals from his conviction for manslaughter and his sentence as a second offender to 42 years at hard labor.
Defendant was convicted, notwithstanding his claim of self-defense, on testimony by one witness who saw him shoot and kill the victim, and testified the victim did not move or reach for a weapon before being shot; testimony of another witness who could see the victim from around the corner, heard the shots and saw the victim fall, and saw defendant run away; testimony of another witness who reported the victim’s dying declaration that defendant was his killer; and testimony of the arresting police officer that defendant then said nothing about self-defense but that he killed the victim for not returning borrowed jewelry.
Defendant’s first three assignments argue that it was error for the trial court to refuse to order production of the police report and of prior recorded statements of the state’s witnesses, for inspection (at least by the trial judge in chambers) for material favorable to the defense, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Defendant makes the logical argument that, because he cannot know what is in the report and statements he has not seen, he cannot be “specific” in his requests. That logical argument, however, would support a conclusion that, in every case in which inspection is requested, the court ought to order at least in camera inspection, and that is not the law; United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); State v. Smith, 437 So.2d 252 (La.1983). Yet where, as here, a claim of self-defense is present, in-chambers inspection has been ordered because *791 of a request no more specific than one for pre-trial statements of state witnesses, in State v. Davenport, 399 So.2d 201 (La.1981). We conclude Davenport controls this case, and that the trial judge erred in failing to conduct on defendant’s request an in-chambers inspection of the report and statements for material inconsistencies and exculpatory matter.
(Assignment four and several others are treated in an appendix not designated for publication.)
Assignment nine — that it was error not to instruct the jury on the mandatory penalty for the offense charged (second degree murder), State v. Hooks, 421 So.2d 880 (La.1982) — is academic because defendant was not convicted of that offense but of manslaughter.
Assignment ten complains of the trial judge’s refusal to add to his instructions that “Once the defendant pleads self defense, the burden of proof does not shift to the defendant to prove to your satisfaction and beyond a reasonable doubt that the killing was justifiable. The State, which brings the charge, must prove to your entire satisfaction and beyond a reasonable doubt that the killing was not in self defense and, therefore, the defendant was guilty.” The trial judge began his charge with the instruction that “a defendant is presumed to be innocent until he is proved guilty beyond a reasonable doubt. The consequence of this rule of law is, he is not required to prove his innocence, but may rest upon the presumption in his favor until it is overthrown by positive affirmative proof. The onus, therefore is on the state to establish to your satisfaction, and beyond a reasonable doubt the guilt of the accused as to the crime charged in the indictment, or any lesser one included in it. If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant’s guilt, it is your sworn duty to give him the benefit of that doubt, and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused.” We also note the instruction on provocation as possibly reducing murder to manslaughter — the verdict actually returned — as joining with the quoted instruction and the self-defense instruction to constitute an overall charge that we conclude jurors of ordinary intelligence would understand to place the burden always on the state to establish every necessary fact beyond a reasonable doubt, including, in view of the claim of self-defense, that the killing was not in self-defense. We conclude that defendant’s requested charge, while a probably correct statement of law, State v. Lynch, 436 So.2d 567 (La.1983), was included in the trial judge’s charge.
Assignment 13 complains of the maximum, 42-year sentence for manslaughter by a second offender. We agree with the trial judge’s apparent position that the record justifies categorizing defendant among the worst of persons guilty of “manslaughter.” Defendant claimed to feel fear of the victim, having had some running (and nonviolent) dispute with the victim over a chain and earring that defendant loaned him. Defendant therefore, on seeing the victim at the bar where the killing occurred, left the bar to go to the automobile of the friend who drove him there to retrieve his pistol, loaded the pistol, returned to the bar (to return the friend’s car keys, he said), and there shot the victim four times (and misfired a fifth time) because, he testified, he saw out of the corner of his eye that the victim was making some move he interpreted as threatening. Moreover, defendant testified he always kept his pistol with him, suggesting that he would present danger of similar behavior in the future. We conclude that the record supports the maximum sentence.
We therefore conditionally affirm the conviction and sentence, but as in State v. Davenport, 399 So.2d 201 (La.1981), we remand for the trial judge to conduct an in-chambers inspection of the requested police report and the pre-trial statements of the state witnesses (including the one who did not testify) for material inconsistencies and exculpatory material, reserving to the *792 trial court the authority to grant a new trial on the basis of its findings and also reserving the defendant’s right to appeal from any adverse ruling by the trial court.