476 So.2d 540 (1985)
STATE of Louisiana
v.
Henry MAJOR.
No. 85 KA 0200.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*541 Bryan Bush, Dist. Atty., Baton Rouge, by Suzan Ponder, Asst. Dist. Atty., for plaintiff-appellee.
Robert J. Roux, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Henry Major was charged by grand jury indictment with forcible rape, in violation of LSA-R.S. 14:42.1.

FACTS
At approximately 1:00 a.m. on October 21, 1983, the defendant arrived at his cousin's apartment with a quart of beer and a half-pint of gin, claiming to have had a fight with his wife. The victim offered to let the defendant sleep on her sofa. After visiting with the defendant for approximately one hour, the victim retired to her bedroom. At approximately 3:30 a.m., defendant entered the victim's bedroom and demanded that she engage in sexual relations with him. The victim resisted, and defendant hit her and threatened to beat her if she continued to scream. Defendant pinned the victim down and forced her to perform fellatio on him before raping her twice. When he went into the bathroom, the victim escaped and summoned the apartment manager, who contacted the police. The victim provided her assailant's identity to the police and positively identified him from a photographic lineup.
*542 After trial by jury, defendant was convicted as charged. He was subsequently sentenced to serve fifteen years at hard labor. Defendant appeals, alleging seven assignments of error, as follows:[1]
1. The trial court erred when it overruled a defense objection to the prosecutor's questions concerning the procedure used to construct a photographic lineup.
2. The trial court erred when it overruled a defense objection to the introduction of the photographic lineup.
3. The trial court erred when it overruled a defense objection to the introduction of the photographic lineup.
4. The trial court erred when it sustained the state's objection to hearsay.
5. The trial court erred when it denied a defense motion for a mistrial.
6. The trial court erred when it sentenced defendant to an excessive sentence and failed to comply with the provisions of La.C.Cr.P. art. 894.1.
7. The trial court erred when it denied a defense motion for a mistrial.[2]

MOTION FOR A MISTRIAL
Defendant alleges that the trial court erred in denying his motion for a mistrial when the state used inadmissible evidence in its cross-examination of him.
Defendant took the stand on his own behalf. He admitted to engaging in sexual relations with the victim but claimed she consented. Defendant testified that he had spent the night at the victim's apartment on other occasions and had engaged in consensual relations with her on these prior occasions.
On cross-examination, the state questioned defendant about two letters he sent to the victim from the parish prison. The state emphasized the contents of the second letter, in which defendant allegedly apologized to the victim. Defendant admitted that he had written the letters but claimed that, although the contents were not true, he had written them in an attempt to get the victim to drop the charges against him.
His own attorney also queried defendant about the letters. Thereafter, out of the presence of the jury, defense counsel moved for a mistrial on the grounds that the state had not provided prior notice of its intention to introduce defendant's inculpatory statements, and defendant had been substantially prejudiced by the inference of the letters. The state responded, arguing that defendant's motion was untimely. The prosecutor advised the court that the existence of the letters had not been previously disclosed because the letters were unsigned and the state, therefore, could not be sure defendant had written the letters until he had admitted it under cross-examination. The trial court found the letters to be inadmissible because of the state's failure to provide prior notice but also found defendant had suffered no prejudice and denied the mistrial.
The letters written by the defendant constituted an inculpatory statement, and defendant was entitled to prior notice of the state's intention to use them at trial. See State v. Mitchell, 412 So.2d 1042 (La. 1982). Further, defendant was entitled to discovery of these letters and the state erroneously denied knowledge of them after defendant properly requested notification of inculpatory statements or documentary evidence. The trial court correctly *543 ruled that the letters were not admissible at trial.
However, we find no error on the part of the trial court in the denial of defendant's motion for a mistrial. The transcript reveals that defense counsel did not object to this examination until he and the state had completed their questioning in this area. The only objection raised by defense counsel was directed to the repetitive nature of the state's questions, not their content. Therefore, the trial court was not given the opportunity to properly rule on defendant's objection that the reference to and contents of the letters constituted inadmissible evidence. See State v. Quimby, 419 So.2d 951 (La.1982). Defendant's objection was untimely, and any prejudice that might have resulted to defendant is attributable to the tardy objection. The trial court found, and we agree, that defendant's right to a fair trial was not abridged.
We note that defendant argues the trial court compounded the prejudicial effect of the letters by preventing the jury from seeing the letters in their entirety. The trial court ruled that the state would not be permitted to introduce the letters. The court did not deny defendant the opportunity to introduce them. Defense counsel determined that the letters would not be admitted, and the trial court then admonished the jury to disregard any reference to the letters.
This assignment of error has no merit.

NEW TRIAL
Defendant filed a pro se motion for a new trial on the basis of prejudicial conduct and the denial of a mistrial. The court noted that the jury had been admonished to disregard the letters and, since they were not introduced and the jury was not aware of the contents thereof, defendant had not been prejudiced by references to them. Defendant now urges that the mere fact that the jury heard about defendant's apology is grounds for a "mistrial." We disagree. First appellant is obviously confusing a motion for new trial with a motion for mistrial. The procedural devices are quite different, are governed by different articles of the Code of Criminal Procedure, and serve different purposes. LSA-C.Cr.P. art. 775 provides for mistrial and LSA-C.Cr.P. art. 851 provides for new trials.
In appellant's Assignment of Error No. 7, he sets forth "the trial court erred when it denied a defense motion for mistrial," but referred to the page of the transcript wherein the motion for new trial is denied.
Although appellant's brief is confusing, it appears that he contends that since the trial court erred in refusing the motion for mistrial, that prejudicial error resulted and that he should be granted a new trial. Since we have previously determined that the appellant has suffered no prejudice on his motion for mistrial, the same rationale dictates that we find no prejudicial error requiring a new trial. The trial court properly denied the pro se motion for new trial, and appellant's assignment of error is without merit.

ADMISSION OF PHOTOGRAPHIC LINEUP
Defendant argues that the trial court erred in admitting the photographic lineup containing the photograph identified by the victim. He argues the exhibit is prejudicial because the photographs used in the lineup could be commonly identified as "mug shots" and thus indicate to the jury that defendant had been previously arrested. Further, he argues that the evidence was not relevant because defendant's identity as the accused was not in question since the victim had previously testified that her assailant was a distant cousin and known to her.
The photographs of defendant and the others who were included in the lineup do not indicate the source from which they were drawn. The photographs were carefully trimmed to show only the head and body structure of the men in the lineup.
*544 There is no obvious connection between these photographs and police records.
Defendant's argument that the admission of the lineup was irrelevant because it merely cumulated the victim's identification is likewise without merit. State v. Jackson, 450 So.2d 1053 (La.App. 1st Cir.1984). Identification of the accused being an essential element of the conviction, the state was entitled to negate the risk of misidentification.
These assignments of error have no merit.

EXCESSIVE SENTENCE
Defendant argues the sentence imposed, fifteen years at hard labor, is excessive. Because of error patent on the face of the record, we find that this matter must be remanded to the trial court for resentencing. We do not, therefore, address the issue of the excessiveness of the sentence imposed.
When this offense was committed LSA-R.S. 14:42.1 provided in pertinent part as follows:
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. [Emphasis added.][3]
The sentence imposed herein did not provide that any portion of the sentence was to be served without benefit of probation, parole or suspension of sentence. As such, it is an illegally lenient sentence. State v. Telsee, 425 So.2d 1251 (La.1983). Defendant's sentence must be amended to withdraw these benefits. Since resentencing will involve a discretionary fact, the case must be remanded to the trial court. See also State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985).[4]

CONCLUSION
For the above and foregoing reasons, we find no merit in any of defendant's contentions. The conviction is affirmed, but the sentence is vacated, and the case is remanded for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE IS REMANDED FOR RESENTENCING.
NOTES
[1] Defendant filed seven assignments of error into the record. In brief, defendant addresses only five assignments of error. Assignments of Error Nos. 1 and 4 were not briefed and are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. Additionally, the numerical designations of the assignments of error addressed in brief do not correspond to those filed into the record. For the purpose of clarity, we will use the numerical designation of the assignments of error filed into the record.
[2] Although the formal assignment of error questions the propriety of the trial judge's denial of a defense motion for a mistrial, the objection is clearly directed to the trial court's ruling on a defense motion for a new trial.
[3] Acts 1984, No. 569, effective September 3, 1984, amended this section to provide for imprisonment at hard labor for not less than five nor more than forty years. This crime was committed October 21, 1983.
[4] The situation presented in the instant case constitutes the same offense, same sentencing error, etc. as presented in State v. Telsee, supra, where the Louisiana Supreme Court said the trial court must withdraw benefits for two years at 425 So.2d 1259.