480 So.2d 410 (1985)
STATE of Louisiana
v.
Alfonse J. ROBERTSON.
No. KA-2126.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Julia S. Coley, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Frank Larre, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BARRY, BYRNES, CIACCIO, JJ.
BARRY, Judge.
Alphonse Robertson was convicted of armed robbery, La.R.S. 14:64, and sentenced as a multiple offender to sixty years at hard labor.
The victim, Michael Henry, offered Nathaniel Payton and Alphonse Robertson a ride in his van. Payton pulled a knife, both men threatened to kill Henry, then robbed him of $10. Henry grabbed the knife and killed Payton, then escaped. Robertson's *411 motion to suppress his confession was denied and he was identified by Henry.
Robertson contends the trial court erred by denying a mistrial when the prosecutor told the jury she could not discuss defendant's prior arrests. Under C.Cr.P. Art. 770(2) a mistrial shall be ordered when the prosecutor refers to a crime for which evidence is not admissible.
Robertson admitted prior convictions for forgery and simple burglary. His defense counsel argued to the jury that Robertson had no record for violent crimes, but if he had the prosecutor would have told the jury. In rebuttal the prosecutor responded:
And defense attorney says, "Well, if Mrs. Smith had those other things, she would have told you about it." There's a law in this state that I can't tell you one way or the other. He may have some arrests for some violence.
The prosecutor's rebuttal was within the scope of closing argument under C.Cr.P. Art. 774 which provides that "[t]he state's rebuttal shall be confined to answering the argument of the defendant."
Robertson also claims there should have been a mistrial or the jury admonished when the prosecutor inferred that Henry was acquitted for Payton's death. Defense counsel had previously suggested that Henry should have been tried for murder. The prosecutor responded, "It isn't about murder because it's justifiable homicide. That's already been decided."
Defendant contends that comment constitutes a "legal defect" and merits a discretionary mistrial under C.Cr.P. 775. However, the prosecutor was responding to defense counsel's argument. This case revolved around the credibility of Robertson versus Henry. Defense counsel chose to define the witnesses' credibility in terms of the fatal stabbing, and the unanimous jury chose not to believe Robertson.
Absent a showing of prejudice, or abuse of discretion, a mistrial ruling should not be disturbed. State v. Parker, 416 So.2d 545 (La.1982). Even if the district attorney's remarks go beyond the scope of closing argument, to reverse a conviction due to an improper argument the court must be convinced that the jury was influenced by the remark and it contributed to the verdict. State v. Marquer, 446 So.2d 1258 at 1269 (La.App. 4th Cir.1984), writ denied 450 So.2d 359 (1984), writ denied 452 So.2d 168 (1984), cert. denied ___ U.S. ___, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984).
There is no authority which prohibits reference to a victim's lack of culpability.
The conviction and sentence are affirmed.
AFFIRMED