484 So.2d 936 (1986)
STATE of Louisiana
v.
Calvin D. FRELIX and Thomas Taylor.
Nos. 85 KA 0944, 85 KA 0945.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*937 Louis Sherman, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Jack Hoffstadt, Hammond, for defendants-appellants.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Defendants, Calvin D. Frelix and Thomas Taylor, were charged by grand jury indictments with aggravated burglary and armed robbery in violation of LSA-R.S. 14:60 and 14:64 respectively. They were also charged by grand jury indictments with being an accessory after the fact to aggravated rape in violation of LSA-R.S. 14:25, 14:42. Each defendant pleaded not guilty at arraignment. Subsequently, the state amended the first indictment to charge each defendant with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2.[1] The state amended the second indictment by designating the accessory after the fact to aggravated rape charge as count 1 of the indictment and by adding a second count to the indictment to charge each defendant with accessory after the fact to armed robbery in violation of LSA-R.S. 14:25 and 14:64.[2]
Subsequently, both defendants withdrew their original not guilty pleas and entered guilty pleas to the amended charges. For simple burglary of an inhabited dwelling, defendant Frelix was sentenced to six years at hard labor and defendant Taylor was sentenced to five years at hard labor. Further, each defendant was sentenced to five years at hard labor for the conviction of accessory after the fact to aggravated rape and five years for the conviction of accessory after the fact to armed robbery. All three of defendants' sentences were imposed to run consecutively.
From the imposition of these sentences, defendants appeal alleging that the trial judge erred as follows:

*938 1. The trial court erred by not granting a continuance in the sentencing to permit defense counsel to provide a comparison of sentences given to blacks with those given to whites for the same type crime;
2. The trial court erred in imposing excessive sentences.
Assignments of error not briefed by defendants on appeal are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. In brief each of the defendants merely restates the wording of assignment of error No. 1. Restatement of an assignment of error in brief is nothing more than a listing of the assignment and certainly does not constitute briefing of the assignment. No argument is made and no authorities are cited. Therefore, this assignment of error is deemed abandoned.

EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La. 1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering; to determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir. 1983), writ denied, 466 So.2d 465 (La.1985).
The sentences imposed herein are within the statutory limits.[3]
Presentence investigative reports provide the factual background for the instant offenses. From these presentence investigative reports, it appears that the victim was an eighty-three year old widow residing at her own home during the day, but spending nights at the home of her sister-in-law. At approximately 4:45 p.m. on the date of the offenses, she was walking between the garage and her home to place personal belongings in her car in preparation for the nightly visit to her sister-in-law. She was attacked from the rear by a co-perpetrator, Stephen Pea. He choked her and turned her around toward her house. She then observed the two defendants, who entered the house ahead of Pea and the victim. One of the defendants emptied the entire contents of the victim's satchel onto the ground, except her medicine, which was placed on the kitchen table. Seven dollars was taken from her wallet. Although the victim never actually saw a gun, Pea told her that he had a gun and there was something in his hand which resembled a gun. Pea forcibly confiscated certain guns that the victim had in her clothes closet.
While the two defendants apparently remained in the kitchen, Pea took the victim into the bathroom, where he committed vaginal rape upon her from a rear position. Pea then took the victim into her bedroom, *939 where he took twenty dollars from the victim and guns from the clothes closet. He then committed anal rape upon the victim.
Thereafter, Pea returned to the kitchen with the victim forcibly removing a diamond ring from her finger, causing bruises and injury to her hand and finger. In an attempt to get the defendants and Pea to leave, she told Pea and the defendants herein that her son would be arriving soon. Pea advised her that he would shoot her son when he arrived. The victim stated the perpetrators must have heard a car driving up the road and as an automobile approached, they pulled off her glasses, pitched her medicine on the floor, and pushed her into the pantry. They then apparently fled the scene.
The victim returned to her bedroom and put on her clothes. She was bleeding profusely when her son arrived and tried to call the police. However, the phone line had been cut so they had to go to a neighbor's house to make the call.
As a result of the incident, the victim was hospitalized for nine days requiring treatment for a tear in her vaginal area. The victim had previously suffered a heart attack and was taking medication for this condition. She stated that she was simply too weak to physically ward off Pea's attack and that these defendants were going through her house while the rapes were occurring.
The trial court noted that Frelix's record indicated that he had a previous arrest for simple battery and a peace bond had been utilized against him and that Taylor's record did not include any arrest. The trial judge further noted that he had received numerous letters from friends and relatives in support of each defendant, indicating that the persons writing the letters thought defendants had some redeeming qualities. However, the trial court, in considering the aggravating circumstances, noted the age of the victim and the ages of defendants, the use of a gun or guns inside the home of the victim, and the fact that she had been raped twice and severely injured.
Each of the defendants was given an opportunity to make any statement in mitigation or on his own behalf and both declined. The trial court stated that because of the serious nature of the offenses and the circumstances thereof there was an undue risk during a period of suspended sentence or probation that each defendant would commit another crime. The trial court further concluded that defendants were in need of correctional treatment or a custodial environment that could be provided most effectively by their commitment to a correctional institution and that lesser sentences would deprecate the seriousness of the offenses.
In State v. Stampley, 457 So.2d 1238, 1240 (La.App. 1st Cir.1984) this Court stated:
Under Article 894.1, the trial judge should consider three basic factors before imposing a prison sentence: (1) that there is an undue risk that the defendant will commit another crime during the period of suspension or probation, (2) that the defendant is in need of services of a custodial environment provided most effectively by a commitment to an institution, and (3) that a lesser sentence would deprecate the seriousness of the crime. The trial judge should also consider and accord some weight to other factors, such as the defendant's prior criminal record, the seriousness of the offense, the defendant's personal history and his potential for rehabilitation, though he need not state them all for the record. See State v. Knox, 425 So.2d 707 (La. 1982); State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983). But he must state for the record those considerations taken into account and the factual bases supporting his sentencing choice.
For offenders without prior felony records, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. State v. *940 Carter, 412 So.2d 540 (La.1982). However, the imposition of consecutive sentences, which requires particular justification when the crimes arise from a single course of conduct, is justified when offenders pose an unusual risk to public safety due to their past conduct or repeated criminality. See State v. Lewis, 416 So.2d 921 (La.1982); see also State v. Carter, supra.
A review of the records in the cases sub judice reveals that the trial court carefully particularized the sentences of each defendant, considering mitigating and aggravating factors as set forth in LSA-C. Cr.P. art. 894.1 as they apply to both defendants. Due to the heinous nature of the offenses, the age of the victim and the serious damage inflicted upon her, we cannot say that the trial court abused its discretion in imposing maximum consecutive sentences in regard to defendants' convictions of accessory after the fact to aggravated rape and accessory after the fact to armed robbery. The trial court individualized the sentences for each of these offenses and the particular crimes involved.
In addition to the above, we also note that there are other aggravating factors involved herein. The charges were reduced from much more serious charges carrying greater penalties. The original grand jury indictments charged these defendants with aggravated burglary (maximum sentence of 30 years), armed robbery (maximum sentence of 99 years without benefit of probation, parole or suspension of sentence), as well as accessory after the fact to aggravated rape.
Further, the manner in which these crimes were perpetrated and particularly the cutting of the victim's telephone line indicates the perpetrators planned and executed these crimes with the detail of violent career criminals.
Because of error patent on the face of the record, we find that the sentences for simple burglary of an inhabited dwelling are illegally lenient and must be vacated. We do not, therefore, address the issue of excessiveness of the defendants' consecutive sentences for the crimes of simple burglary of an inhabited dwelling.
LSA-R.S. 14:62.2 provides, in pertinent part, as follows:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. [emphasis added]
The sentences imposed herein for this offense did not provide that any portion of the sentences were to be served without benefit of probation, parole or suspension of sentence. As such, each is an illegally lenient sentence. State v. Telsee, supra; State v. Major, 476 So.2d 540 (La.App. 1st Cir.1985). Defendants' sentences must be amended to withdraw these benefits and since resentencing will involve a discretionary fact, this portion of the case must be remanded to the trial court for resentencing. See also State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985), writs granted 475 So.2d 771 (La.1985); State v. Telsee, supra; State v. Major, supra.

CONCLUSION
For the above and foregoing reasons, the sentences of each of the defendants for accessory after the fact to aggravated rape and accessory after the fact to armed robbery are affirmed. The sentences for burglary of an inhabited dwelling are vacated, and the case is remanded for resentencing in accordance with the views expressed herein.
SENTENCES FOR ACCESSORY AFTER THE FACT TO AGGRAVATED RAPE AND ACCESSORY AFTER THE FACT TO ARMED ROBBERY ARE AFFIRMED; SENTENCES FOR SIMPLE BURGLARY OF AN INHABITED DWELLING ARE VACATED, AND THE CASE IS REMANDED FOR RESENTENCING ON THESE CONVICTIONS ONLY.
NOTES
[1] When this indictment was amended to charge defendants with simple burglary of an inhabited dwelling instead of aggravated burglary, the state nolle prosequied the armed robbery charge that was originally included in the indictment.
[2] We observe defects in both indictments. The first indictment still contains a citation to LSA-R.S. 14:60. This should have been changed to LSA-R.S. 14:62.2. to coincide with the amended charge of simple burglary of an inhabited dwelling. The second indictment fails to include the statutory citation for both counts of the indictment. LSA-C.Cr.P. art. 464 requires the inclusion in the indictment of the official citation of the statute as defendant is alleged to have violated. However, the article further provides that "(e)rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." Neither defendant made any showing of having been misled to his prejudice, nor does the record indicate that either was prejudiced thereby. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied, 450 So.2d 644 (La.1984).
[3] LSA-R.S. 14:62.2 provides the maximum sentence for the crime of simple burglary of an inhabited dwelling as imprisonment at hard labor for not less than one year without benefit of parole, probation or suspension of sentence, nor more than twelve years. LSA-R.S. 14:25 provides that the maximum sentence for accessory after the fact shall be a fine of not more than $500.00 or imprisonment with or without hard labor for not more than five years. Therefore, each of these defendants could have received the maximum sentences of a total of 22 years.