LOTTINGER, Judge.
Ernest Dorsey, Jr., was initially charged by bill of information with simple rape, in violation of La.R.S. 14:43, to which he pled not guilty. Subsequently, the state formally amended the bill of information to charge defendant with forcible rape, in violation of La.R.S. 14:42.1. Defendant was arraigned on the amended charge, pled not guilty and, after a trial by jury, was found guilty as charged. Defendant was subsequently sentenced as a Second Felony Habitual Offender and was sentenced to a term of twenty years at hard labor.
Defendant brings this appeal urging the following as errors by the trial court:
(1) in finding probable cause to support the charges against the defendant based solely on hearsay evidence;
(2) in determining that the state had presented sufficient evidence to establish the elements of the crime beyond a reasonable doubt; and
(3) in imposing an excessive sentence.
FACTS
During the night of September 25, 1983, the victim and her boyfriend were riding in the boyfriend’s truck when they had an argument. The victim was upset and asked the boyfriend to let her walk home. The boyfriend honored this request and left her on the shoulder of the road a short distance from Raceland, Louisiana, the home of both the victim and her boyfriend. A short time later, two black males stopped *866 their vehicle and offered the victim a ride. The victim refused, but was forced into the automobile. The victim was taken to a nearby sugar cane field and was raped by each assailant. The two men then drove the victim into Raceland where she was released.
The victim noted the license plate number of the car and reported the incident to the police. The victim was transported to the hospital, where an examination revealed the presence of sperm in her vagina.
The license plate number was used to trace the vehicle, which was found to belong to a cousin of the defendant. However it was discovered that the defendant had the use of the vehicle the night of the incident.
Pursuant to a photographic lineup, the defendant was identified as one of the perpetrators of the crime. He was then arrested, brought to trial and convicted of forcible rape.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant alleges that the only evidence presented by the state at the preliminary examination was “double hearsay” and that the trial court’s finding of probable cause should be reversed, and subsequent proceedings negated.
The question of probable cause for defendant’s pretrial imprisonment is now moot since defendant has been tried and convicted. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Lucky, 453 So.2d 1234 (La.App. 1st Cir.1984), writ not considered, 459 So.2d 529 (La.1984).
ASSIGNMENT OF ERROR NO. 2
By means of this assignment, defendant asserts that the evidence was insufficient to support the jury’s verdict. Defendant, in brief, essentially argues that the only evidence of the elements of the offense consists of the victim’s testimony.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).
La.R.S. 14:42.1 sets forth the elements of the crime of forcible rape as follows:
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.[1]
We conclude that sufficient evidence was introduced to support the conviction. The victim testified in detail regarding the facts surrounding the incident. Parts of her testimony were substantiated by the boyfriend, the person to whom the rape was initially reported, as well as the investigating officer and the doctor who examined her at the hospital. The vehicle license number eventually led the police to defendant, and he was identified by the victim as the assailant in both a photographic lineup and an in-court identification.
Although defendant presented several alibi witnesses, such a matter is a question of credibility and weight of evidence, and within the sole discretion of the trier of fact.
Based on the record, we conclude that sufficient evidence to support the conviction was introduced, and the trial court was not erroneous.
ASSIGNMENT OF ERROR NO. 3
By means of this assignment, defendant argues that the sentence imposed, twenty *867 years at hard labor as a Second Felony Habitual Offender, is excessive. Because of error patent on the face of the record, we find that this matter must be remanded to the trial court for resentencing. We do not, therefore, address the issue of exces-siveness of the sentence imposed.
When this offense was committed, La. R.S. 14:42.1 provided in pertinent part as follows:
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence, [emphasis added][2]
The sentence imposed herein did not provide that any portion of the sentence was to be served without benefit of probation, parole or suspension of sentence.- As such, it is an illegally lenient sentence. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Major, 476 So.2d 540 (La.App. 1st Cir.1985). Defendant’s sentence must be amended to withdraw these benefits. Since resentencing will necessarily involve a discretionary fact, the case must be remanded to the trial court. State v. Major, supra.
Therefore, the conviction is affirmed and this matter is remanded for resentencing.
AFFIRMED AND REMANDED.

. At the time of the instant offense, these provisions were contained in an undesignated first paragraph of La.R.S. 14:42.1. Subsequently, Act 569 of 1984 amended and reenacted La.R.S. 14:42.1 without making any change in regard to this paragraph, which was designated as Subsection A.

. Act 569 of 1984 amended these provisions to provide for imprisonment at hard labor for not less than five nor more than forty years. Following the 1984 amendment, the previously un-designated second paragraph containing these provision was designated as Subsection B.