490 So.2d 560 (1986)
STATE of Louisiana,
v.
Andre DAWSON and Stephen McGee.
No. KA 4055.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F.
*561 Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for the State.
M. Craig Colwart, Orleans Indigent Defender Program, Nancy Schoenberg, Student-Atty., Elizabeth W. Cole, Supervising Atty., Tulane Criminal Law Clinic, New Orleans, for defendants.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro. Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Defendants, Andre Dawson and Stephen McGee, were charged by bill of information filed October 10, 1984, with two counts of armed robbery in violation of La.R.S. 14:64. Both defendants entered a plea of not guilty and both were found guilty as charged by a twelve person jury. On January 17, 1985, both defendants were sentenced to thirty years at hard labor without benefit of probation, parole, or suspension of sentence on count one, and fifteen years at hard labor without benefit of probation, parole, or suspension of sentence on count two; sentences to run consecutively. Both defendants now appeal their conviction and sentence.
Defendant McGee argues that the trial court erred: (1) in denying defendant's motion to suppress the in-field identifications, (2) in denying defendant's motion for an in camera inspection of the police report during trial, and (3) in overruling defense counsel's objections and denying defendant's motion for a mistrial when the prosecutor made allegedly impermissible comments during rebuttal closing argument. Although the foregoing assignments of error are made only on behalf of McGee, all such assignments are applicable to the appeal of Dawson. State v. Arbuthnot, 367 So.2d 296 (La.1979). In addition, both defendants assign as error the trial court's imposition of an excessive sentence.

FACTS
On September 28, 1984, at approximately 5:30 a.m., Cheyenne Thomas and Michael Whitlock were waiting for a bus on the corner of Washington and LaSalle in New Orleans. The defendants approached Thomas and Whitlock and McGee pulled a gun and told Thomas and Whitlock to get against the wall of a building. While McGee held a gun on the victims, Dawson searched their pockets. The defendants took five dollars and an identification card from Thomas, and a radio, a change of clothes, four twenty dollar bills and some one dollar bills, a stainless steel knife, and two rings from Whitlock. The defendants then told the two victims to walk away.
Thomas flagged a police car while Whitlock followed the two men. A police broadcast of the description of the perpertrators given by Thomas led to the arrest of the defendants not more than thirty minutes after the commission of the crime. Both Thomas and Whitlock positively identified the defendants. In addition, the victims' aforementioned belongings were found in the possession of the defendants.
MCGEE'S ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, McGee alleges that the trial court erred in denying his motion to suppress the in-field identification made by the victims.
When considering the constitutionality and admissibility of an out-of-court identification procedure, we must first make a determination of whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Secondly, if the procedure was impermissibly suggestive, we must determine whether it gave rise to a substantial likelihood of irreparable misidentification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984)
One-on-one confrontations between a suspect and a victim are permissible when justified by the overall circumstances, particularly when the accused is apprehended within a short period of time after the crime was committed, and returned to the scene of the crime. State v. Bickham, 404 So.2d 929 (La.1981); State v. Talley, 446 *562 So.2d 455 (La.App. 4th Cir.1984). In the present case, the identification in question was obtained approximately thirty minutes after the crime and approximately fifteen blocks from the scene of the crime.
The United States Supreme Court has enunciated a five factor test to determine whether an identification is reliable: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the identification. Manson v. Brathwaite, supra; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
At trial, Thomas testified he observed the defendants walking toward Whitlock and him for one minute, the defendants stood only two feet from him while they were robbing him, there were two street lights on the corner where the crime occurred, and he especially watched McGee because McGee had the gun. Whitlock testified it took ten minutes for the crime to occur and he watched the defendants the whole time. He testified there were street lights at the corner where they were standing and there was a park across the street which was well lit. Officer Doucette testified he initially recognized the two defendants from the description the victims gave and which was broadcast. The police officers and the victims testified the victims made a positive identification of the defendants at the scene of the arrest and this identification occurred less than one hour after the commission of the crime. Accordingly, under the five factor reliability test of Manson v. Brathwaite, supra, and Neil v. Biggers, supra, the identification was reliable.
This assignments lacks merit.
McGEE'S ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, McGee alleges that the trial court erred in denying his motion for an in camera inspection of the police report to determine whether it contained inconsistent statements which the defendant could have used to impeach the witnesses.
The United States Supreme Court has held that the Fourteenth Amendment mandates that the prosecution must disclose to the defense evidence which is favorable to the defendant if such evidence is material to his guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The prosecution also must disclose such evidence for the impeachment of a witness whose testimony (and credibility) may be determinative of the defendant's innocence or guilt. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
Although there is no duty to provide defense counsel with unlimited discovery of the prosecutor's case, if the subject matter of a request for evidence is material or if a substantial basis for claiming materiality exists, the prosecutor who receives a specific and relevant request must respond by either furnishing the information to the defense counsel or by submitting it to the judge for an in camera inspection. U.S. C.A. Const.Amends. 5, 14. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
In State v. Davenport, 399 So.2d 201 (La.1981) the defendant sought an in camera review of the pretrial recorded statements of four State witnesses to determine whether inconsistent statements or exculpatory evidence existed. The State contended that no such evidence existed. The trial court denied the defendant's motion. The reviewing court reasoned that:
If in such a situation the district attorney is wrong (and we say this without casting any aspersions whatsoever on the prosecutors of this state, because it is usually most difficult to determine whether or not inconsistencies or omitted information in witnesses' statements are material to the defendant's guilt), certainly the interests of justice would best *563 be served by obtaining a judicial decision in this regard during the trial rather than later through post-conviction remedies. While such procedure will interrupt the trial and will be time consuming, we believe the added burden to our busy trial judges will be outweighed by the efficiency in the administration of justice. Id. at 204.
The court then held that a determination that the trial court erred is not in and of itself sufficient to warrant a reversal. The case was remanded to determine:
(1) whether or not the written or recorded statements obtained by the state from its four witnesses prior to the trial contained inconsistencies with their trial testimony or other evidence favorable to the accused; and, if so, (2) whether such evidence is material to defendant's guilt or punishment, employing the standard applicable on the basis of the totality of the facts and circumstances of this case [.] Id. at 204.
Similarly, in State v. Whitlock, 454 So.2d 871 (La.App. 4th Cir.1984) appeal after remand, 475 So.2d 1112 (La.App. 4th Cir. 1985), the defendant requested an in camera inspection of any statements made by the prosecution's chief witness, and this motion was denied by the trial court. This court found error in the trial court's decision. This court then conditionally affirmed the defendant's conviction and remanded the case for a determination of whether any inconsistent or exculpatory material existed and, if such material was present, a determination of whether such evidence was material to the defendant's guilt. See also State v. Brown, 452 So.2d 790 (La.App. 4th Cir.1984).
In this case, we find that the trial court erred in refusing to conduct an in camera inspection. The defendant contends that his identification is crucial and it is a material issue bearing upon his guilt. The defendant, therefore, requested the in camera inspection of the police report because the policemen were the state's chief eyewitnesses to the identification of the defendant by the victims. Thus, the defendant reasons that if the police report contains information regarding the victim's description of the defendant which is contrary to their testimony at trial, this evidence would be exculpatory and material to the defendant's guilt.
The defendant is entitled to evidence which would impeach the testimony of the police officers, because their reliability as witnesses may be determinative of the guilt or innocence of the accused. Accordingly, since this evidence is discoverable material, relevant, and specifically requested, the trial court should have conducted an in camera inspection of the police report for discovery of Brady and Giglio information.
We therefore, remand the case to the trial court for it to determine whether the police report contained inconsistent statements which the defendants could have used to impeach the witnesses. In addition, the trial court must determine whether such inconsistent statements, if they exist, are material to the defendants' guilt. In the event of an affirmative determination of both of the above by the trial court, a new trial will be required. However, if an affirmative determination of both factors is not made by the trial court, the convictions will be affirmed. State v. Davenport, supra. The proceedings and determination of the trial court, of course, will be subject to review on appeal.
McGEE'S ASSIGNMENT OF ERROR NO. 3
In this third assignment of error McGee alleges that the trial court erred in denying his motion for a mistrial made during closing argument. The pertinent part of the transcript reads as follows:
BY MS. BELEW:
When the facts are this strong and there is a box full of evidence and identification, the defense attorneys whose job it is to defend criminals.
BY MS. COLE:
Objection, Your Honor. I strongly object to personal attacks.
BY THE COURT:

*564 There's no personal attacks that I've heard of, Ms. Cole.
BY MS. COLE:
Your Honor, then, I object to professional attacks. I think it's improper argument.
BY THE COURT:
Objection overruled.
BY MS. BELEW:
It's the defense attorney's job to create for you a reasonable doubt, to argue to you a reasonable doubt.
BY MS. COLE:
Objection, again, Your Honor. I think that it's highly
BY THE COURT:
The objection's overruled, Miss Cole.
BY MR. HATTIER:
The same objection, Your Honor.
BY MS. COLE:
Note my objection, Your Honor, and I move for a mistrial.
BY THE COURT:
Motion for a mistrial is denied.
(Supp. Tr. 1-2).
C.Cr.P. art. 774 provides that the scope of closing argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case."
Arguments which go beyond the scope of C.Cr.P. art. 774 fall within the ambit of C.Cr.P. arts. 770 or 771. State v. Morris, 404 So.2d 1186 (La.1981). These arguments will only require a reversal if the court is thoroughly convinced that the jury was influenced by the remarks and that such remarks contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Robertson, 480 So.2d 410 (La.App. 4th Cir.1985). Credit should be accorded to the good sense and fairmindedness of the jurors who have heard the evidence. State v. Jarman, supra; State v. Dupre, 408 So.2d 1229 (La.1982).
Given the fairmindedness and good sense of the jury, the prosecutor's remarks were not sufficient to create prejudice to the extent that the defendants were denied a fair trial. Thus, there is no error in the denial of the motion for a mistrial. State v. Knighton, 436 So.2d 1141 (La.1984).
This assignment lacks merit.
McGEE'S ASSIGNMENT OF ERROR NO. 4
DAWSON'S SOLE ASSIGNMENT OF ERROR
In this assignment of error both defendants allege that the trial court erred in imposing an excessive sentence. Each defendant was convicted of two counts of armed robbery and was sentenced to thirty years at hard labor without benefit of probation, parole or suspension of sentence on count one and fifteen years at hard labor without benefit of probation, or parole or suspension of sentence on count two, sentences to run consecutively for a total of forty-five years. The maximum that the defendants could have received was two consecutive ninety-nine year sentences for a total of 198 years. R.S. 14:64; C.Cr.P. art. 883.
Article 1, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1985). There must be an indication in the record that the trial court considered the factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985). However,
the articulation of the factual basis for a sentence is the goal of Art. 894.1, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed this court has held that *565 remand is unnecessary, even where there has not been full compliance with article 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
In the instant case the record provides factual grounds which support the sentence imposed. The trial court considered the circumstances of the crime and the fact that a lesser sentence would depricate its seriousness. In addition, the trial court noted that both defendants had at least one prior conviction. The court's failure to articulate consideration of mitigating factors does not change these facts. The trial judge is given wide discretion in the imposition of sentences within statutory limits. The sentence imposed by a trial judge should not be set aside as excessive absent a showing of manifest abuse of discretion. State v. Lanclos, supra. We do not feel that a sentence which equals forty-five years for two counts of armed robbery, for which the maximum term was one hundred and ninety-eight years, is excessive.
In addition, we find that the imposition of consecutive sentences was justified in this case. It is true that where convictions arise out of a single course of illegal conduct, concurrent rather than consecutive sentences are the general rule, at least for a defendant without a previous criminal record. C.Cr.Pro.Art. 883; State v. Underwood, 353 So.2d 1013 (La.1977); State v. Atley, 470 So.2d 621 (La.App. 1st Cir.1985). However, consecutive sentences will not necessarily be found to be excessive. State v. Jett, 419 So.2d 844 (La.1982). State v. Ortego, 382 So.2d 921 (La.1980). Other factors must be taken into consideration.
Consecutive sentences are justified when the offender poses an unusual risk to the safety of the public due to their past conduct or repeated criminality. State v. Jett, supra; State v. Watson, 372 So.2d 1205 (La.1979); State v. Frelix, 484 So.2d 936 (La.App. 1st Cir.1986).
In the instant case, defendants committed an unprovoked random act of senseless violence on two innocent victims and did so with no sense of remorse. Furthermore, both of the defendants have prior criminal records. Consequently, the consecutive sentences were justified because of the dangerous propensities exhibited by defendants on this occasion. They clearly pose a risk to the safety of the public. Therefore, the consecutive nature of the sentences imposed does not render them excessive in this case.
This assignment lacks merit.
For the reasons assigned, defendants' convictions and sentences are conditionally affirmed and the case is remanded for an in camera inspection of the police report, reserving unto the trial court the authority to grant a new trial on the basis of its findings and also reserving defendants' right to appeal from any adverse ruling by the trial court.
AFFIRMED CONDITIONALLY AND REMANDED.