DUFRESNE, Judge.
The defendant, Dennis A. Newton a/k/a Denny Brown, was charged by grand jury indictment with the second degree murder of Robert. J. Miller. At his arraignment Newton entered a plea of not guilty. He later withdrew that plea and entered a plea of not guilty and not guilty by reason of insanity. On the day of trial, Newton waived his right to a jury and made a request for bench trial which was granted. When the state rested its case, the defendant withdrew his plea of not guilty and not guilty by reason of insanity and reinstated his original plea of not guilty. The trial judge found Newton guilty as charged at the conclusion of the trial. After waiving delays, Newton was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
The defendant appealed his conviction. In State v. Newton, 548 So.2d 91 (La.App. 5th Cir.1989) this court dismissed his untimely appeal and remanded the case to allow the defendant to seek reinstatement of his right to appeal. The defendant filed an application for postconviction relief requesting the trial court to reinstate his right to appeal, which was granted. The defendant is now before this court appealing his conviction and has urged one assignment of error.
FACTS
The defendant shot and killed Robert Miller, alias Ronnie B., on May 7, 1988, in the early morning. At the time of the shooting, Ronnie B. was walking westward along the Airline Highway overpass near the airport. He was headed home from Pete’s Lounge located east of the airport on Airline Highway. The defendant and Donald Thompson, who were also present at Pete’s Lounge had left ten to fifteen minutes after Ronnie B. After dropping Thompson off at his house, the defendant drove by the victim and shot him. Noreen Thomas was traveling in the area and observed the defendant driving recklessly. As she reached the overpass heading west, she noticed the defendant swerve to the right. Thereafter she noticed the victim, who was walking over the overpass, fall. Believing that the defendant had struck the victim with his car, she pursued him. She was able to obtain his license plate number, a description of his car and description of him.
The defendant subsequently returned to Thompson’s house. There he asked Thompson for something to take the license plate off of his car. The defendant asked Thompson to hold his gun. He then told Thompson that he shot Ronnie B. The defendant left and returned to Pete’s Lounge. Later that morning the defendant returned and retrieved his gun.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in overruling appellant’s motion for a mistrial premised upon the state’s untimely disclosure of exculpatory evidence.
Defense counsel filed discovery motions and in response to those motions the state *949 allowed defense counsel to review their file.
At the trial the state in its opening statement indicated that Gary Bass, an inmate, would testify that the defendant related to him all of the details of the crime.
During the trial the state presented the testimony of Gary Bass in its case in chief. Bass, an inmate, who was in the “medical pod” with the defendant in the Jefferson Parish Correctional Center, testified concerning an inculpatory statement made by the defendant. Defense counsel did not object anytime during his testimony.
On redirect the state attempted to present to Bass the written statement which he had made to the Kenner Police Department on August 22, 1988. Defense counsel objected to the use of the statement and moved for a mistrial.
The trial court sustained the objection as to the statement being shown to the witness.
Defense counsel subsequently moved for a mistrial a second time based upon the state’s untimely disclosure of the statement. After brief arguments by the state and the defense, the trial court took a brief recess to review the statement in camera. Defense counsel was also provided with a copy of the statement.
The trial court did not find any Brady material in the statement despite defense counsel’s argument that the statement related homicidal fantasies of the defendant which supported the defendant’s insanity defense. Consequently, the trial court denied the motion for mistrial.
On appeal the defendant is contending that the trial court erred in overruling the motion for mistrial based upon the state’s untimely disclosure of the statement of Bass.
It should be noted that the defense counsel did not object to Bass’ testimony. The only time that he objected was when the state attempted to use the statement and that objection was sustained. Defense counseLthen moved for a mistrial and the court denied the motion.
LSA-C.Cr.P. art. 841 provides in pertinent part that:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
Here, the defendant’s objection was untimely; therefore, where he failed to make a contemporaneous objection at trial, any prejudice that might have resulted to the defendant was attributable to the tardy motion. See State v. Major, 476 So.2d 540 (La.App. 1st Cir.1985), reversed in part, affirmed in part, 485 So.2d 57 (La.1986).
Furthermore, even though the statement was erroneously admitted, since the state had a continuing duty to disclose the statement, its admission was harmless error.
The state proved the commission of the crime through various witnesses.
A review of the evidence reveals that Ms. Thomas saw the defendant drive near the victim whereupon the victim fell to the ground. She pursued the defendant and was able to get a description of the car, the driver and the license plate. She could not positively identify the defendant as the driver, but she did indicate that it could be him if he had a longer beard and hair.
Mr. Thompson did testify in exchange for the dismissal of charges against him, but his testimony seemed credible. He indicated that the defendant wanted something to change his license plate and Ms. Thomas testified that the license plate on the defendant’s car had been switched.
Viewing the evidence it appears that there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction and the error is harmless beyond a reasonable doubt.
It should be noted that the defendant contends that the statement of Bass contained information concerning the defendant’s mental state which would have been helpful to his insanity defense.
*950 In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violated due process where the evidence is material to either guilt or punishment. The test for determining materiality was firmly established in United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.
In the instant case the statement was disclosed to the defense during the state’s case. When the state rested its ease the defendant withdrew his plea of not guilty and not guilty by reason of insanity and reinstated his original plea of not guilty. Since the defendant withdrew his insanity defense after reviewing the statement there is no reasonable probability that the result would have been different had the statement been disclosed to the defense before trial; therefore, the statement is not material to the defendant’s guilt.
This assignment of error is without merit.
In accordance with the request of the defendant, we have reviewed the record for any errors patent.
The record indicates that the defendant was not given credit for time served pursuant to LSA-C.Cr.P. art. 880. Such an allowance is mandatory. State v. Sherman, 532 So.2d 908 (La.App. 5th Cir.1988).
We find no other errors patent.
CONCLUSION
For the above reasons the defendant’s conviction is affirmed. The sentence is amended to reflect credit for time served and affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.