441 So.2d 1301 (1983)
STATE of Louisiana
v.
Ricky O'Neal WRIGHT.
No. 83 KA 0393.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Rehearing Denied December 22, 1983.
*1302 Leon A. Picou, Jr., Dist. Atty., St. Francisville, for plaintiff.
Charles Griffin, II and Stanley E. Branton, St. Francisville, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant, Ricky O'Neal Wright, was indicted for second degree murder, in violation of LSA-R.S. 14:30.1 in connection with the death of Robert Bibbens, Jr. After a trial by jury, he was convicted as charged and was subsequently sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. He has appealed, alleging five assignments of error, as follows:
1. The trial court erred in denying a motion to suppress the statement made by defendant to the West Feliciana Parish Sheriff's deputies;
2. The trial court erred in denying a motion to suppress items of defendant's clothing which were obtained from his home without a search warrant;
3. The trial court erred in overruling defendant's objection to the introduction of the seized clothing into evidence (based on an incomplete chain of custody);
4. The trial court erred in overruling defendant's objection to the introduction of the clothing into evidence (based on incomplete discovery);
5. The trial court erred in denying defendant's motion for a mistrial.
We affirm.
The incident from which these charges resulted occurred on January 31, 1982, at a bar called "The Golden Disco of the South" in West Feliciana Parish. Defendant and the victim, Robert Bibbens, Jr., exchanged words in the restroom of the bar after Bibbens claimed defendant had urinated on him. After the exchange, defendant walked outside the club, followed a short time later by the victim. According to defendant's statement, he believed the victim was about to pull a weapon on him, so he hit the victim in the face, knocking him to the ground; he then began kicking the victim in the face and head. Defendant immediately left the area. Soon afterward the victim was pronounced dead at the scene by the assistant coroner, the final diagnosis being sixteen stab wounds to the head and face, crush injuries to the central face (including the left eye, bridge of the nose, and frontal bones), and a fracture to the base of the skull.
Defendant left the bar to return to his home in Woodville, Mississippi, where he *1303 changed his clothes. He returned to St. Francisville, Louisiana, and turned himself in to the Sheriff's office. He was arrested for manslaughter, and later that day gave a statement to the police. The grand jury subsequently indicted defendant for second-degree murder.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant submits that the trial court erred in denying a motion to suppress the statement (confession) given to the West Feliciana Parish Sheriff's deputies. He alleges that this statement was taken in violation of his constitutional rights, specifically the Fifth Amendment to the United States Constitution and Article 1, Section 13 of the Louisiana Constitution.
More specifically, defendant contends that he was not fully advised of his Constitutional rights before his statement was given, because the law enforcement personnel did not read his Miranda rights to him and they did not ascertain whether he comprehended what rights he was waiving by giving the statement.
Approximately twelve hours after defendant turned himself in to the Sheriff's office and was arrested, he was first questioned about the incidents of the night before. At that time, defendant made a full statement admitting that he had first hit the victim, knocking him to the ground, then "stomped" his head repeatedly. This confession was introduced at trial subject to defendant's objection.
Initially, we note that defendant's argument on appeal addresses the denial of a motion to suppress the confession on grounds which were not asserted in the motion to suppress filed in the trial court. The motion to suppress this confession was sought only on the grounds that he was intoxicated when the statement was made, and thus it was not given voluntarily. This motion was denied on November 2, 1982.
LSA-C.Cr.P. art. 703 provides in part as follows:
"F. A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial. Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress." (Emphasis added.)
The grounds asserted in defendant's written motion to suppress filed prior to trial and the grounds asserted in his argument on appeal, although both concerned with voluntariness of the confession, are unrelated. We believe defendant forfeited his right to object to the introduction of the confession at trial through his failure to include in the pre-trial motion to suppress the grounds he now asserts. LSA-C.Cr.P. art. 703. Nevertheless, because of the important constitutional questions presented by the admission of an allegedly "involuntary" confession, we have considered defendant's arguments, and find no error in the admission of the confession.
Defendant alleges that this statement was obtained from him without a determination of whether he comprehended what rights he was waiving by giving this statement.
Before the State may introduce a confession into evidence, it must prove beyond a reasonable doubt that the statement was free and voluntary. LSA-R.S. 15:451; State v. Neslo, 433 So.2d 73 (La.1983). When the defendant alleges actual police misconduct to obtain the confession, the State must rebut the allegations specifically. State v. Neslo, supra.
Defendant does not allege that he was unaware of the effect of his actions, but simply that no effort was made to determine if he did understand what he was doing. Deputy Cutrer testified that he verbally advised defendant of his rights. He also testified that, after having verbally explained his rights, he gave defendant the written waiver of rights form to read, after asking defendant to read a few paragraphs out loud to insure that defendant was able to read. Deputy Cutrer further testified that, after defendant had read the written waiver form, defendant said that he understood that document. Defendant signed *1304 the waiver of rights form, and it was admitted into evidence at the trial.
Defendant urges in his brief that the confession is inadmissible because Deputy Cutrer did not read the waiver of rights form to defendant. If the testimony otherwise indicates that defendant was informed of his rights, it is not necessary that his rights be read to him. State v. Yates, 357 So.2d 541 (La.1978). Defendant admits in brief that he read the waiver of rights form. The confession he signed specifies that Deputy Cutrer advised him of his rights. Deputy Cutrer testified that defendant read the form and indicated that he understood his rights. The trial court obviously believed Deputy Cutrer's testimony that defendant understood his rights. The credibility choices of the trial court in ruling on the voluntariness of a confession will not be disturbed unless clearly erroneous. State v. Harper, 430 So.2d 627 (La.1983). The trial court's determination of credibility on the question of whether defendant was advised of his Miranda rights is also given great weight and will not be disturbed unless not supported by the evidence. See State v. Petterway, 403 So.2d 1157 (La.1981). In light of the foregoing testimony, and in consideration of the fact that defendant did not allege any specific factor relating to involuntariness or coercion other than those discussed above, we find no error in the ruling by the trial court.[1]
ASSIGNMENT OF ERROR NUMBER TWO:
As assignment of error number two, defendant alleges that the trial court erred in denying a motion to suppress items of defendant's clothing which were obtained from his home without a search warrant. Specifically defendant argues that the seizure was illegal and in violation of his constitutional rights governing search and seizure under the Fourth Amendment of the United States Constitution and Article I, Section Five of the Louisiana Constitution.
In a statement made to Deputy Cutrer at the time of his arrest, defendant admitted that, after the fight, he returned to the house he shared with Dorothy Peterson in Woodville, Mississippi, and changed clothes before returning to St. Francisville to turn himself in. Shortly thereafter, Deputy Tyrone Sterling of the West Feliciana Parish Sheriff's office, accompanied by Deputy John Dorsay of the Woodville, Mississippi Police Department, went to Ms. Peterson's home. Ms. Peterson was not at home and the officers spoke to her mother who lives next door. She offered to let them into Ms. Peterson's home but they chose to wait for Ms. Peterson to arrive. After the police officers told Ms. Peterson that they had come to pick up defendant's clothing, she asked them to come inside the house and told them she would look for the clothes. She found the clothing and gave it to the officers.
Defendant argues that the State did not meet the burden of proof in showing that the search and seizure made without a warrant fell within the guidelines allowing such a search.
Consent is an established exception to the warrant requirement. State v. Loyd, 425 So.2d 710 (La.1982); State v. Winn, 412 So.2d 1337 (La.1982). The voluntariness of consent to search is a question of fact to be determined by the trial court judge under the facts and circumstances surrounding each case. State v. Smith, 433 So.2d 688 (La.1983).
At the hearing on the motion to suppress, Deputy Dorsay testified that Ms. Peterson voluntarily cooperated with the officers. Deputy Sterling also testified that after he explained the situation to her, Ms. Peterson voluntarily consented to give up the clothes. Ms. Peterson testified that she was acquainted with both officers and that they were very nice to her. Although she testified that "I feel like they came to my house and asked me for something I was supposed *1305 to give it to them," her testimony as a whole does not indicate that she felt coerced in any way. On the morning of the "seizure", Ms. Peterson signed a statement in which she stated that she had not been threatened or promised any rewards or anything to make the statement and that she voluntarily gave the items to the officers.
The factual determinations of the trial judge on the issue of a consent to search are entitled to great weight on appellate review. State v. Smith, supra.
We find the trial judge properly analyzed the totality of the circumstances and correctly ruled the clothes were obtained after a valid consent. The assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER THREE:
As assignment of error number three, defendant contends that the trial court erred in overruling defendant's objection to the introduction of clothing into evidence without laying the proper foundation for the evidence. Defendant cites several alleged discrepancies or possibilities for alteration of the clothes between the time they were seized and the time of their introduction into evidence.
This argument has no merit. The showing of a continuous chain of custody is not essential to the introduction of physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized by the officer. State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), writ denied 433 So.2d 711 (La.1983); State v. Tauzier, 397 So.2d 494 (La.1981). Ms. Peterson identified the items introduced at the trial as those she handed to the officers the morning after the incident. We find no error in the trial court's ruling.
ASSIGNMENT OF ERROR NUMBER FOUR:
As assignment of error number four, defendant alleges that the trial court erred in overruling defendant's objection to the introduction of the clothing because the state has not fully complied with discovery. Defendant's argument is concerned with testimony at trial which showed that the police had taken into evidence two different sets of clothing belonging to defendant and performed laboratory tests on each of them.
The first set of clothing consisted of the items taken from Ms. Peterson the morning after the fight. The clothing was splattered with a considerable amount of blood, and laboratory tests were run on the items to determine the chemical analysis of the splatters in order to prove they were human blood and to establish the blood-group type. This test showed the blood was the same type as that of the victim. The second set of clothing consisted of the clothes defendant was wearing at the time of his arrest. These items also had blood spots on them, and more tests were run on them. This further testing established that the blood-group type of defendant and the victim were the same. Defendant argues that the possession of the second set of clothing and the laboratory report should have been disclosed as exculpatory evidence. The State argues that the fact that the blood-group types were the same is not exculpatory in nature.
The purpose of the discovery provisions is to enable the defendant to properly assess the strength of the state's case against him in order to prepare his defense. See State v. Ray, 423 So.2d 1116 (La.1982). If a defendant is lulled into a misapprehension of the strength of the State's case by the failure to fully disclose, such a prejudice may constitute reversible error. State v. Ray, supra.
We do not see how the fact that the defendant and the victim had the same blood-group typing could be exculpatory under the facts presented herein. The evidence against defendant was overwhelming.
Even if the evidence could be considered exculpatory, not all cases involving late disclosure of exculpatory evidence result in reversible error. State v. Smith, 430 So.2d 31 (La.1983). The appellate court, on assignment of error, will review the record *1306 for a determination of whether any prejudice which may have resulted from the noncompliance caused the trier of fact to reach the wrong conclusion. State v. Ray, supra. We find that, even if the evidence might have been exculpatory, no prejudice was sustained by defendant.
ASSIGNMENT OF ERROR NUMBER FIVE:
As assignment of error number five, defendant argues that the trial court erred in denying defendant's motion for a mistrial requested because of an outburst of a spectator. At the close of the trial, when photographs were being shown to the jury, an unidentified spectator was overcome and began crying, creating a scene. She was immediately escorted from the courtroom and did not return. Nevertheless, defendant argues that her conduct so prejudiced defendant that a mistrial should have been granted, relying on LSA-C.Cr.P. arts. 771 and 775. The State argued against the granting of a mistrial, disclaiming responsibility for the outburst.
Article 771 is concerned with prejudicial remarks made by persons other than the court, district attorney or court officials, and provides that, if the remark is not within the mandatory provisions of art. 770, the court may, in its discretion, grant a mistrial rather than admonish the jury to disregard the prejudicial remark. Article 775 provides for a mistrial if prejudicial conduct inside or outside the courtroom makes it impossible for the defendant to obtain a fair trial or when authorized under arts. 770 of 771.
Mistrial is a drastic remedy. It has been consistently held that when the conduct does not fall within the mandatory mistrial provisions of art. 770, the judge has the sound discretion to determine whether the activity or comment is so prejudicial to the defendant that he could not receive a fair trial. State v. Narcisse, 426 So.2d 118 (La.1983). In State v. Domangue, 350 So.2d 599 (La.1977), the Supreme Court found that a mistrial was not necessary when a rape victim's spouse[2] began crying and was removed from the courtroom during closing arguments. The spectator herein was not identified and was promptly removed. The court admonished the jury to disregard her conduct. We find no abuse of discretion in the denial of the requested mistrial.
For the foregoing reasons the conviction is affirmed.
AFFIRMED.
NOTES
[1] Defendant also indicates that the statement may be faulty because Deputy Cutrer indicated that the statement might be paraphrased to some extent. There is no requirement that a written statement has to be a verbatim record of defendant's oral version. State v. Lefevre, 419 So.2d 862 (La.1982).
[2] Common-law husband.