451 So.2d 1351 (1984)
STATE of Louisiana
v.
Roger EALY, Jr.
No. 84 KA 0070.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Ossie Brown, Dist. Atty. by Joseph Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Roger Ealy, Jr. (defendant), was charged with simple burglary of an inhabited dwelling on December 18, 1981, in violation of La.R.S. 14:62.2. Initially, defendant pled not guilty. He filed a motion for a preliminary hearing. A hearing was conducted, and the trial court found probable cause to hold defendant as charged. Later, defendant's motion to suppress physical evidence was denied after a hearing. Several months later, after a full Boykin examination, the trial court allowed defendant to *1352 withdraw his not guilty plea and enter a plea of guilty to the charge of simple burglary. Prior to the Boykin hearing, the bill of information was amended to charge defendant with simple burglary. Defendant was sentenced to four years at hard labor with the Department of Corrections with credit for time served. He was also ordered to pay court costs. Defendant now appeals his conviction and sentence, alleging the trial court erred in denying his motion to suppress and in imposing an excessive sentence.
At approximately 2:40 a.m. on December 13, 1981, defendant was stopped while driving his vehicle down Scenic Highway in Baton Rouge. Testimony at the preliminary hearing, which was submitted as evidence at the hearing on the motion to suppress, reveals that Lester J. David,[1] the arresting officer, stopped defendant because he was driving a car with a large television in its open trunk. The officer testified that most people do not move their televisions at that time of the morning. The officer also noted that the television was too nice to be thrown in the trunk, and the trunk lid was not secure or tied down.
After defendant was stopped, a check was run on the automobile, and defendant was issued a traffic citation for switched license plates. The automobile was impounded on this basis and also because defendant was unable to produce registration papers for the vehicle. The car was stored but not searched at this time.
A few days later, David related this incident to another police officer who was investigating a burglary that occurred the same night. The victim arrived home about 2:30 a.m. and discovered several items, including a television set and cable boxes, had been stolen from his home.
Based on this information, the officers obtained a warrant to search defendant's automobile. The officers recovered a television, cable boxes and other items that were later identified by the victim as those stolen from his home. Subsequently, an arrest warrant was issued, and defendant was charged with simple burglary of an inhabited dwelling.
Defendant contends that the trial court erred in finding reasonable suspicion for the investigatory stop and in denying the motion to suppress physical evidence seized.
When a defendant withdraws a plea of not guilty and enters a plea of guilty, he waives any non-jurisdictional defects. State v. Crosby, 338 So.2d 584 (La. 1976); State v. Mellion, 439 So.2d 586 (La. App. 1st Cir.1983), writ denied, 443 So.2d 1118 (La.1984). A defendant may, however, specifically reserve his right to obtain appellate review of pre-plea errors. State v. McKinney, 406 So.2d 160 (La.1981). In the instant case, neither defendant nor his attorney reserved the right to appellate review of the pre-plea ruling on the motion to suppress. Instead, defendant made an affirmative, voluntary, intelligent, knowing and informed waiver of such right. McKinney, 406 So.2d at 161-162. Therefore, any error in the ruling on the motion to suppress has been waived.
Defendant also contends that the trial court imposed an excessive sentence. Additionally, in brief defendant argues that the trial court did not follow the sentencing guidelines in La.C.Cr.P. art. 894.1.
Wide discretion is given to the trial judge in the imposition of a sentence within the applicable statutory limits. In the absence of manifest abuse, his sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir. 1983), writ denied, 440 So.2d 731 (La.1983). The trial court considered defendant's juvenile and adult criminal record. He found that "defendant is also noted to have been given the benefit of probation both as an adult and a juvenile without positive results." Considering the trial court reasons, we do not find the sentence imposed to be an abuse of discretion. Furthermore, the *1353 sentence is not grossly disproportionate to the crime, nor is it nothing more than the needless imposition of pain and suffering. State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983), writ denied, 434 So.2d 410 (La.1983).
Furthermore, although the trial court did not articulate every aggravating and mitigating circumstance set forth in La.C.Cr.P. art. 894.1, where the sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a remand for compliance with La.C.Cr.P. art. 894.1 is not warranted. State v. Fleming, 428 So.2d at 949-950. Here, the sentence of four years is less than one-half of the maximum twelve years which may be imposed. La.R.S. 14:62. We do not find the sentence imposed to be severe nor is a remand necessary for the trial judge to fully comply with La.C.Cr.P. art. 894.1.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] David issued citations to defendant for switched license plates and impounded the vehicle. Detective Schiro arrested defendant for simple burglary.