CHEHARDY, Chief Judge.
The defendant, Milton D. Lindsey, Jr., was charged by grand jury indictment with vehicular homicide in violation of LSA-R.S. 14:32.1. Upon denial of his motion to suppress use of the results of his blood test as evidence, the defendant withdrew his plea of not guilty and entered a plea of guilty, reserving his right to appellate review of the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to three years at hard labor and a fine of $2,000 and costs, default of payment of which would result in an additional year at hard labor.
Defendant appeals, assigning the following errors: (1) any and all errors patent on the face of the record, and (2) the denial of defendant’s motion to suppress the results of the blood test.
On September 2,1985, the defendant was driving his car eastbound on U.S. 61 in Jefferson Parish. He failed to yield the right-of-way as he turned left. An automobile accident ensued which caused the death of the defendant’s passenger. Defendant, who was unconscious at the scene, was taken to a hospital. While he lay unconscious in the hospital, the police officer investigating the accident had a hospital technician take blood samples from defendant to test for alcohol content.
After this prosecution was instituted, defendant filed a motion to suppress the results of the blood test. He contends he was not under arrest at the time the detective obtained the blood sample, so that the taking of the sample was illegal and the results of testing the sample should be suppressed.
We shall not address this issue, however, because a recent decision by the Louisiana Supreme Court requires us to find the use of the blood sample inadmissable, on other grounds.
In State v. Rowell, 517 So.2d 799 (La.1988), the Louisiana Supreme Court declared that in order for the prosecution to utilize the statutory presumption of intoxication arising from the chemical analysis of a defendant’s blood pursuant to LSA-R.S. 32:662, it must show that the State has promulgated detailed procedures which will insure the integrity and reliability of the chemical test and also that the State has strictly complied with the promulgated procedures. The court then ruled that the regulations promulgated thus far by the Department of Public Safety were insufficient to guarantee the integrity and reliability of the chemical test because they did not contain provisions for repair, maintenance, inspection, cleaning, certification and chemical accuracy. Accordingly, the prosecution could not meet its burden of proving that the regulations insured the integrity and reliability of blood alcohol analysis and the introduction of the results of the chemical test against the defendant, creating a presumption that he was intoxicated, was so erroneous as to warrant reversal.
This finding precludes the State from carrying its burden of proof as expressed in State v. Gregory, 403 So.2d 1225 (La.1981).
We, therefore, must find that the blood alcohol analysis was wrongfully introduced into evidence. This opinion is, however, limited to a finding that the denial of the motion to suppress the blood test analysis was erroneous. No determination of the sufficiency of the evidence has been made; therefore, it is proper to remand the case to *255 try defendant on the charge of negligent homicide. See State v. Morrison, 392 So.2d 1037 (La.1980). This conclusion renders defendant’s remaining assignments of error moot.
For the foregoing reasons, the judgment of the trial court is vacated. This case is remanded for proceedings not inconsistent with this opinion.
REMANDED.