BECKER, Judge,
dissents with reasons.
I respectfully dissent from the majority’s opinion which allows the prosecution to utilize the statutory presumption of intoxication arising from the chemical analysis of the defendant’s blood, pursuant to LSA-R.S. 32:662. In State v. Rowell, 517 So.2d 799, a 1988 decision, the Louisiana Supreme Court held that the techniques approved by the Department of Public Safety to assure the accuracy of blood alcohol testing was insufficient:
“because they did not contain provisions for repair, maintenance, inspection, cleaning, certification and chemical accuracy” Id. at 802.
The chemical analysis in this matter was performed in 1986 utilizing the same regulations that the Rowell court found insufficient. The State therefore could not bear its burden of proving the accuracy of the test.
The Rowell decision was given retroactivity in State v. Fairbanks, 531 So.2d 1145 (La.App. 4th Cir.1988), and State v. Lindsey, 524 So.2d 253 (La.App. 5th Cir.1988).
The majority opinion, that since the de: fense stipulated at trial to the result of the blood test, she is precluded from a review of the issue of proper maintenance, calibration or reliability, is misplaced. The defense filed a written motion to suppress the blood test results which automatically preserves the trial court’s ruling for appellate review. C.Cr.P. art. 841(B). Nor does the record anywhere reflect a stipulation that the rules promulgated by the Department of Public Safety were reliable or the test results accurate.
I would therefore reverse the defendant’s conviction and remand for retrial under LSA-R.S. 14:32 and 14:39.