546 So.2d 829 (1989)
STATE of Louisiana
v.
Jerry and Michael PETERS.
No. KA 88 1378.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
*830 Bryan Bush, Dist. Atty., Office of the Public Defender, Baton Rouge, by Jim Owen, Asst. Dist. Atty., for plaintiff-appellee.
Counsel of Records, Richard Chaffin, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Jerry Peters and Michael Peters were charged jointly by a single bill of information with six counts of simple burglary, violations of La.R.S. 14:62. Defendants filed a motion to suppress physical evidence seized from a warehouse and oral inculpatory statements made by Jerry Peters. Following a series of hearings, the motion to suppress was denied.
Defendants also filed a motion to suppress any evidence derived from surveillance of defendants' vehicles, facilitated by use of electronic tracking devices. Following a hearing, that motion was also denied.
Sometime thereafter, the state learned that Michael Peters had also made an inculpatory statement which the state intended to utilize at trial on the merits. Michael Peters filed a motion to suppress that statement. The trial court refused to allow the state to present any evidence to prove the admissibility of the inculpatory statement. The court also vacated its prior ruling. Subsequently, the trial court granted the motion to suppress with respect to the inculpatory statement made by Michael Peters.
The state then applied for supervisory writs. The state's writ application to this Court was granted, thereby vacating the trial court's granting of Michael Peters' motion to suppress. The matter was remanded to the trial court. State v. Peters, KW 88 0437, decided March 21, 1988.
A few days later, a brief hearing was held in the trial court directed toward the motion to suppress Michael Peters' inculpatory statement. On defendants' motion, the hearing on the motion to suppress was continued until May 9, 1988. On that date, no hearing was held. Rather, Jerry Peters pled guilty as charged in each count; and Michael Peters entered a plea of nolo contendere to each count. In so pleading, Jerry Peters expressly reserved his right to appeal the trial court's "decision on his motion to suppress." See State v. Crosby, 338 So.2d 584 (La.1976).
After accepting the instant pleas, the trial court sentenced each defendant to a concurrent ten year term of imprisonment at hard labor on each count.
Defendants bring this appeal, urging five assignments of error. Assignment of error number two is not briefed. Therefore, it is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
Shortly after midnight on October 22, 1986, Jerry and Michael Peters were arrested at a police roadblock near the intersection of Airline Highway and Sherwood Forest Boulevard in Baton Rouge. Defendants had just burglarized A.K.M. Construction in Ascension Parish and were proceeding to Baton Rouge in Michael's truck. Their actions were being monitored by an electronic tracking device which, pursuant to a warrant, the authorities had attached to Michael's truck approximately seven days earlier.
Michael Peters was wounded in the back of the head and the hand by police gunfire. He was taken into custody and transported to a local hospital where he quickly recovered. *831 Jerry Peters, unharmed by the encounter, was placed under arrest and transported to the East Baton Rouge Parish Sheriff's Office.
After receiving his Miranda warnings, Jerry Peters made oral statements to the officers admitting that he and Michael had committed numerous burglaries in and around East Baton Rouge Parish. He also made statements concerning a warehouse and consented to its search. While the record does not disclose the contents of the warehouse, it does reflect that the warehouse contained evidence tending to prove that defendants participated in the instant burglaries.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment of error, defendants contend that the trial court erred by not considering whether or not the state had probable cause to stop Michael Peters' truck on the night of defendants' arrest. Acknowledging that no record exists from which to determine if probable cause existed, because trial counsel stipulated to the validity of the initial detention, defendants ask this Court to remand the matter for determination of this issue.
We believe that defendants forfeited their right to complain of the initial stop and detention through their failure to include in the pre-trial motion to suppress the ground now asserted. See La.C.Cr.P. art. 703; State v. Wright, 441 So.2d 1301, 1303 (La.App. 1st Cir.1983). Moreover, neither defendants nor their attorney conditioned the instant pleas on asserting this new ground. Defendants pleas waived any non-jurisdictional pre-plea defects not specifically reserved for appellate review. See State v. Crosby, 338 So.2d 584 (La.1976); State v. Ealy, 451 So.2d 1351, 1352 (La. App. 1st Cir.1984).
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE:
By this assignment of error, Jerry Peters contends that the trial court erred by denying the motion to suppress his confession and physical evidence seized from a warehouse. He contends that his confession and his consent to search a warehouse were induced by promises to assist him. We disagree.
In order for a confession to be admissible into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La.R.S. 15:451. Confessions obtained by any direct or implied promises, however slight, or by the exertion of any improper influence, are involuntary and inadmissible as a matter of constitutional law. The state has the burden of affirmatively proving the confession was free and voluntary. Therefore, if the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the state to rebut those allegations specifically. State v. Welch, 448 So.2d 705, 712 (La.App. 1st Cir.), writ denied, 450 So.2d 952 (La. 1984).
The admissibility of a confession is in the first instance a question for the trial court. Its conclusions on the credibility and weight of testimony relating to the voluntariness of the confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Horton, 479 So.2d 528, 531 (La.App. 1st Cir.1985), writ denied, 493 So.2d 1215 (La.1986).
A search conducted with the subject's consent is a specifically established exception to both the warrant and probable cause requirements. When the state seeks to rely upon consent to justify a warrantless search, it also must demonstrate that the consent was freely and voluntarily given without coercion. State v. Wilson, 467 So.2d 503, 518 (La.1985), execution stayed pending appeal to U.S.S.Ct., 473 So.2d 58 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed. 2d 246 (1985). The voluntariness of defendant's consent to search is a question of fact to be determined by the trial court under the facts and circumstances surrounding each case. The trial court's determinations as to the credibility of witnesses are to be accorded *832 great weight on appeal. Wilson, 467 So.2d at 518.
The record indicates that Jerry Peters was advised of his Miranda rights at the arrest scene and at the sheriff's office. Jerry understood those rights and freely waived them, agreeing to give an oral statement only. Jerry testified at the motion to suppress hearing that he struck a deal for "federal time" with Captain Bud Connors of the East Baton Rouge Parish Sheriff's Department. On the night of his arrest, after learning that Michael was not severely wounded, Jerry began to express concern for his safety if he were incarcerated for the instant offense in Louisiana State Penitentiary at Angola. Jerry had been an informant for the F.B.I. and the East Baton Rouge Parish Sheriff's Department. He was convinced that he could only survive incarceration if he were housed away from Angola, preferably at a federal facility. Jerry testified that, in exchange for his cooperation in confessing to the East Baton Rouge Parish burglaries and aiding in recovery of property taken during those burglaries, Captain Connors promised to arrange for federal protection or placement in a federal facility. It was because of this express inducement that he orally confessed and, thereafter, executed a consent to search form.
Captain Connors also testified at the motion to suppress hearing. Connors agreed with Jerry's observation that, because he had been an informant, he probably would not have a long life expectancy if incarcerated at Angola. Although Jerry urged Connors to enter into an agreement during their conversation, Connors declined. Connors testified that he told Jerry that he could not make such a promise and that a person of Jerry's experience should know that he could not do so. Captain Connors noted that, on several occasions before Jerry confessed or consented to the instant search, he specifically told Jerry that he was not a federal agent. Accordingly, he was without authority to make any deal involving federal protection and/or incarceration at a federal facility. However, Connors did testify that, in exchange for Jerry's cooperation in confessing to the burglaries and assisting in recovery of the stolen property, he told Jerry that he would speak to the F.B.I. and a representative of the U.S. Attorney's Office on behalf of Jerry and Michael, explaining to them Jerry's past cooperation as an informant.
At the hearing on the motion to suppress, all of the allegations made by Jerry Peters about promises of federal protection and/or incarceration in a federal facility were specifically rebutted by the law enforcement officers who testified. A statement by a law enforcement officer, prior to a confession, that cooperation would be communicated to possible prosecuting authorities is not a sufficient inducement to render a subsequent confession inadmissible. See State v. Jackson, 414 So.2d 310, 312-313 (La.1982); State v. Dison, 396 So.2d 1254, 1258 (La.1981). In addition, it does not vitiate the free and voluntary consent to a search of the warehouse.
In the instant case, the trial court observed the appearance and demeanor of the witnesses. His ruling reflects that he accepted as credible the testimony of the law enforcement officers and rejected the testimony of Jerry Peters as unworthy of belief. After a careful review of the record, we conclude that the trial court did not err in denying the instant motion to suppress Jerry's confession or the physical evidence seized from the warehouse.
For the above reasons, this assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER FOUR:
By this assignment of error, Michael Peters contends that the trial court erred when it denied his motion to suppress physical evidence and oral statements. In brief, Michael attacks only the motion to suppress his oral statement, concluding that the matter should be remanded to the trial court because the state has yet to carry its burden with respect to the admissibility of that statement. We disagree.
Attempts to suppress Michael's inculpatory statement present a somewhat convoluted *833 procedural history. When the initial joint motion to suppress was filed by the Peters brothers, the state was unaware that Michael had given any statements. Sometime after the trial court denied the joint motion to suppress, the state learned that Michael had also given an inculpatory statement. Michael Peters then filed a motion to suppress that statement. The trial court not only refused to allow the state to present any evidence to prove the admissibility of the statement but also vacated its prior ruling. Subsequently, the trial court granted the motion to suppress with respect to any inculpatory statements made by Michael.
The state then applied for supervisory writs. The state's writ application to this Court was granted, thereby vacating the trial court's granting of Michael's motion to suppress. The matter was remanded to the trial court. State v. Peters (La.App. 1st Cir.1983), (Docket No. 88 KW 0437, Decided March 21, 1988).
The appellate record reveals that, a few days later, a brief hearing was held in the trial court directed toward the motion to suppress Michael's statement. On defendant's motion, the hearing on the motion to suppress was continued until May 9, 1988. On that day, no hearing was held. Rather, Michael entered a plea of nolo contendere to each count as charged, apparently without obtaining a ruling on the motion to suppress.
The procedural posture of the pending motion to suppress Michael's statement, at the time he withdrew his not guilty pleas and entered his pleas of nolo contendere, indicates an intention to abandon that motion before the trial court. See State v. Coates, 509 So.2d 438, 440 (La.App. 1st Cir.1987). Moreover, the record before us contains no reference to a Crosby reservation having been made on Michael's behalf. On that basis alone, any non-jurisdictional pre-plea defects have been waived with respect to Michael. See State v. Crosby, 338 So.2d 584 (La.1976); State v. Ealy, 451 So.2d 1351, 1352 (La.App. 1st Cir.1984).
For the foregoing reasons, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FIVE:
Defendants contend that the trial court erred by denying defendants' motion to suppress evidence seized pursuant to electronic surveillance. We disagree.
On October 17, 1986 and October 21, 1986, the state obtained orders from the trial court allowing the East Baton Rouge Parish Sheriff's Office to install and monitor electronic surveillance tracking devices, "beepers," on vehicles belonging to Jerry and Michael Peters for a thirty day period. The orders were based on an affidavit akin to affidavits submitted in applications in support of search warrants.
The affidavit submitted to the trial court set forth a general modus operandi recognized in a series of recent burglaries. Prior to entering the establishments to be burglarized, cables were cut, thereby deactivating transmission-type alarm systems. Once inside, large amounts of currency, coins, and jewelry were stolen from inside safes which were forcibly opened. Both defendants have extensive criminal records.
Captain Paul Maranto, a law enforcement officer familiar with the instant unsolved burglaries, supplied the information for the affidavit. Therein, he recounted in detail three of those burglaries, concluding that the Peters brothers were implicated. In one burglary of an antique shop, the owner's daughter tentatively identified Michael Peters as the man who had visited the shop a few days before it was burglarized of $500,000 worth of jewelry. During that visit, the man asked to see all of the expensive jewelry housed in a safe. Although he agreed to buy an expensive ring, the man did not return to consummate the purchase. In a Baker jewelry store burglary, the owner and his sales clerk positively identified Jerry Peters as the person who had visited the store a couple of weeks before, requesting to view rings for his girlfriend. After examining most of the expensive jewelry on display, Jerry Peters selected a ring to purchase, stating he would return the next day. However, Jerry never made the purchase. Finally, controlled dangerous substances, fruits of a *834 burglarized pharmaceutical warehouse, were found in possession of defendants' brother John and his wife a few days after that facility was burglarized.
The instant orders were implemented by installing tracking devices on the outside of defendants' vehicles, which were parked in lots adjacent to their leased apartments. On the night of their arrest, law enforcement officers used the tracking device in furtherance of their surveillance of defendants' movements. Defendants were electronically tracked to a site which was burglarized that night.
In recent years, the United States Supreme Court has confronted the issue of whether or not the use of an electronic tracking device by the police constitutes a search within the meaning of the Fourth Amendment. See United States v. Karo, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984); United States v. Knotts, 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983).
In Karo, the United States Supreme Court noted that a warrant for installation and monitoring of a beeper will be desirable since the Fourth Amendment is sometimes implicated. Karo, 104 S.Ct. at n. 3, 3302. Therein, the court suggested that a warrant would be sufficient if it "describe[s] the object into which the beeper is to be placed, the circumstances that led agents to wish to install the beeper, and the length of time for which beeper surveillance is requested." Karo, 104 S.Ct. at 3305. Clearly, the law enforcement officers have, in the instant case, guarded against any Fourth Amendment violation.
Conceding that there exists United States Supreme Court authority unfavorable to their position, defendants contend that installation of electronic surveillance beepers on private automobiles violates Article I, Section 5 of the Louisiana Constitution.
The Louisiana Supreme Court has indicated that Article I, Section 5, of the Louisiana Constitution of 1974 does provide greater protection for individual rights than that provided by the Fourth Amendment. State v. Hernandez, 410 So.2d 1381, 1385 (La.1982). However, a carefully monitored enhancement of the officers surveillance of a vehicle travelling principally on public thoroughfares does not present a serious threat to reasonable expectations of privacy. Such privacy interests are reasonably protected by obtaining a warrant as in the instant case.
For the foregoing reasons, this assignment of error lacks merit. Consequently, we affirm the rulings of the trial court.
AFFIRMED.