SAVOIE, Judge.
Defendant was charged in a bill of information with two counts of vehicular homicide, violations of LSA-R.S. 14:32.1; he was charged in a separate bill of information with operating a motor vehicle while intoxicated and improper lane usage, violations of LSA-R.S. 14:98 and 32:79, respectively. Defendant pled not guilty to the charges and filed a motion to suppress the blood alcohol test results. Following a hearing, the motion to suppress was denied. Thereafter, defendant withdrew his pleas of not guilty and entered pleas of guilty to each of the charges. Defendant reserved the right to appeal the adverse ruling on the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976).
For each of the vehicular homicides, the trial court sentenced defendant to concurrent terms of imprisonment at hard labor for four years and consecutive penalties consisting of a $2,000.00 fine and court costs or (in default of payment thereof) six months in the parish jail. For operating a motor vehicle while intoxicated, the court sentenced defendant to six months in the parish jail; for improper lane usage the court imposed a $50.00 fine and court costs or (in default of payment thereof) fifteen days in the parish jail. The court ordered the sentences for operating a motor vehicle while intoxicated and improper lane usage to run concurrently with each other and with the sentences for the vehicular homicides. Defendant filed an application for a writ of review, as to his convictions and sentences under bill of information charging him with operating a motor vehicle while intoxicated and improper lane usage, which was consolidated with the appeal filed in regard to the vehicular homicides.
In his appeal and his writ application, defendant urges two identical assignments of error:
1. The trial court erroneously denied defendant’s motion to suppress because there was no probable cause for defendant’s arrest, defendant was not arrested until after the blood sample had been taken, and defendant had not consented to the withdrawal of his blood.
2. The trial court erroneously denied defendant’s motion to suppress the blood alcohol test results which had not been conducted in accordance with the guidelines mandated in State v. Rowell, 517 So.2d 799 (La.1988), and State v. Tanner, 457 So.2d 1172 (La.1984).
Initially, we note that defendant did not raise any of the grounds alleged in assignment of error number one in his motion to suppress or during the hearing conducted as to that motion; accordingly, defendant forfeited his right to pursue those allegations before this Court. See LSA-C. Cr.P. art. 703; State v. Peters, 546 So.2d 829, 831 (La.App. 1st Cir.), writ denied, 552 So.2d 378 (La.1989). However, in any event, we find defendant’s assignment of error number two to be meritorious, requiring reversal of all four of defendant’s convictions and sentences.
The record reveals that the instant offenses arose out of an automobile accident which occurred in St. Tammany Parish during the early pre-dawn hours of August 23, 1987. At about 2:52 a.m., Slidell City Police Officer Kevin Folse was dispatched to the scene of the accident. Upon arriving at the scene, Folse found a black Datsun in the ditch on one side of the highway and a blue Chevrolet pickup truck on the other side of the highway. Folse looked inside the Datsun and summoned medical assistance for its occupants. He then went to the blue pickup truck and found defendant inside the truck lying across the seat. Defendant appeared to be sleeping. Shortly thereafter, an emergency medical unit came to the accident scene and transported defendant to the Northshore Regional Medical Center.
While Folse remained at the scene and continued to investigate the accident, he radioed Slidell City Police Officer Patrick McCarthy, requesting that McCarthy advise defendant of his rights relating to the chemical test for intoxication and have someone draw blood from defendant for a blood alcohol test. McCarthy complied *922 with Folse’s request. McCarthy furnished Marie Fusilier, a registered nurse at North-shore Regional Medical Center, with a blood alcohol kit. Using the kit, she drew two vials of blood from defendant. Thereafter, at about 5:20 a.m. on August 23, after Folse came to the medical center, McCarthy gave Folse the blood alcohol kit containing the vials of defendant’s blood.
John Ricca, Jr., a forensic scientist employed by the Louisiana State Police Crime Laboratory, tested defendant’s blood sample twice. Initially, Ricca tested defendant’s blood in September of 1987. Thereafter, upon the state’s resubmittal of defendant’s blood sample, Ricca tested the sample a second time in April of 1988. According to Ricca, the April 1988 test was conducted in accordance with emergency rules pertaining to blood alcohol analysis which the Department of Public Safety and Corrections had adopted to correct the deficiencies the Supreme Court found in the blood alcohol analysis rules in State v. Rowell, 517 So.2d 799 (La.1988). The state introduced state exhibit S-1, a certified copy of Volume 14, number 2 of the February 20, 1988, Louisiana Register containing the emergency regulations which took effect on February 20, 1988, and remained in effect until June 20, 1988, when new regulations presently contained in 55 La.Admin. Code, Part I, Ch. 5, § 551, et seq. took effect and replaced the emergency regulations. See 14 La.Admin.Reg. 360-361 (1988).
In order for the state to avail itself of the statutory presumption of a defendant’s intoxication arising from a chemical analysis of his blood under LSA-R.S. 32:662, the state must show that it has promulgated detailed procedures which insure the integrity and reliability of the chemical test, including provisions for repair, maintenance, inspection, cleaning, certification, and chemical accuracy. The state must also show that there has been strict compliance with the promulgated regulations. State v. Rowell, 517 So.2d at 800. See also LSA-R.S. 32:663. A motion to suppress is available to question the admissibility of chemical test results that can result in the legal presumption of intoxication, and the burden of proving admissibility is on the state. State v. Rowell 517 So.2d at 800; State v. Tanner, 457 So.2d at 1174-1175.
In State v. Rowell, the Louisiana Supreme Court found that the regulations governing blood alcohol tests were insufficient in four respects: (1) They did not specify the type of proficiency testing required of a person seeking a permit to conduct blood analysis. (2) They did not provide for the repair, maintenance, or inspection of the gas chromatograph. (3) They did not sufficiently provide for the preservation of the blood sample. (4) They were not sufficient to insure the accuracy of the chemicals used to calibrate the gas chromatograph. 517 So.2d at 802.
Oral arguments were not presented to the trial court at the suppression hearing. Instead, counsels later filed written memo-randa with the trial court. The state filed a notice of intent to use the certificate of analysis of the April, 1988, test results of the sample of defendant’s blood. In its written memorandum to the trial court, the state took the position that the test results were admissible because the Department of Public Safety and Corrections had adopted emergency regulations insuring the integrity and reliability of blood alcohol tests on February 20,1988, and the state had shown strict compliance with those emergency regulations.
Clearly, the applicable regulations in effect on August 23, 1987, the date on which the accident occurred and defendant’s blood was drawn, were the same regulations governing blood alcohol tests found deficient by the Supreme Court in Rowell. Thus, the state’s reliance on the emergency regulations which were subsequently adopted and which were inapplicable herein is misplaced. Accordingly, we find that the state failed to meet its burden as expressed in State v. Rowell, for the admissibility of the test results of defendant’s blood samples. Cf. State v. Fairbanks, 531 So.2d 1145 (La.App. 4th Cir.1988); State v. Lindsey, 524 So.2d 253 (La.App. 5th Cir.1988). Hence, we set aside all four of defendant’s *923 guilty pleas and sentences and grant defendant’s motion to suppress. This matter is remanded to the trial court for further proceedings in accordance with law.
CONVICTIONS AND SENTENCES REVERSED; MOTION TO SUPPRESS GRANTED; CASE REMANDED.